IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GLENN LEMAR CASS,<br><br>　　　　　　　　Defendant. | 8:22-CR-138<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

## I.　　INTRODUCTION

The Government has charged Glenn Lemar Cass with four crimes: (1) conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl; (2) possession with intent to distribute 40 grams or more of fentanyl; (3) using and carrying a firearm during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime; and (4) felon in possession of a firearm. Filing 1 at 1–2. On August 11, 2022, Cass filed a Motion to Suppress evidence that was obtained when law enforcement executed a search warrant of Cass's residence, Filing 20, arguing that the affidavit accompanying the request for the search warrant did not contain sufficient information to establish probable cause to believe a crime or evidence of a crime would be found at his residence. Filing 21 at 2–5. In a September 29, 2022, Findings and Recommendation, United States Magistrate Judge Michael D. Nelson recommended denying Cass's Motion to Suppress. Filing 29. This matter is before the Court on Cass's Objections to Judge Nelson's Findings and Recommendation. Filing 30. For the reasons stated herein, the Court overrules Cass's Objections and adopts Judge Nelson's Findings and Recommendation in its entirety.

1

## II.   BACKGROUND

On December 22, 2021, a Nebraska county court judge signed a search warrant for a residence at 4342 Grand Avenue in Omaha, Nebraska, based upon an application and affidavit submitted by Omaha Police Department Officer Mark Majewicz. Filing 27-1. The affidavit stated the following as the grounds for issuance of a search warrant:

> Affiant Officer had contact with a Confidential Informant, hereafter referred to as the "C/I". This C/I stated he/she could make purchases of heroin from a black male party that the C/I knows as Blandon GRAYER. This C/I stated GRAYER gets Heroin from [Grayer's] cousin and sells the Heroin to an unknown amount [sic] of customers in the Omaha area. The C/I does not know the name of GRAYER's cousin but did state this cousin lives within a few blocks of GRAYER and is believed to be a black male around 50 years old and lives with his mother.
>
> Affiant Officer conducted research on the Nebraska Criminal Justice Information System website (NCJIS) and located an entry for Blandon GRAYER, black male, date of birth 11-4-78, 5'11" tall, 224 pound [sic], with black hair and brown eyes. A photograph of GRAYER was shown to the C/I, who positively identified GRAYER as the party he/she knows that is selling Heroin. Affiant Officer also conducted research on the Douglas County Information Management System (IMS) and located an entry for GRAYER, which shows prior arrests for possession of marijuana . . . . GRAYER also has prior arrests for Possession With Intent to Deliver Cocaine/Crack . . . .
>
> In December, 2021, Affiant Officer and Officers of the Omaha Police Department Narcotics Unit then directed the C/I to conduct a controlled buy of Heroin from GRAYER. Prior to that controlled buy, the C/I was provided with audio/video recording equipment to record and monitor the transaction and provided with an amount of Omaha Police Department Buy Fund Money to make the purchase.
>
> Surveillance Officers set-up in the area and observed GRAYER arriving alone[] in a white Ford Taurus . . . . registered to . . . Ty'Drielle B. GRAYER at 4025 Grand Avenue, Omaha, Douglas County, Nebraska.
>
> Officers could then see and hear GRAYER and the C/I conduct a transaction for Heroin via the audio/video recording equipment after which, [sic] GRAYER was observed driving from the area in the Ford Taurus, followed by Surveillance Officers.
>
> GRAYER was then followed to 4025 Grand Avenue and was observed by Surveillance Officers parking in the driveway and entering the house.

Affiant Officer met with the C/I, who handed Affiant Officer a small baggie containing a blue/grey, rock like [sic] substance which the C/I had purchased from GRAYER. Affiant Officer knows through training that this substance resembles a substance known as "fetty" or "shine". This substance is an emerging form of Fentanyl that has been identified as a possible replacement for the M-30 Fentanyl pills that have been observed in the United States and are designed to resemble 30 mg Oxycodone/Hydrochloride.

Affiant Officer submitted the suspected Fentanyl to the University of Nebraska Public Service Laboratory for testing. The results of those tests confirmed the substance the C/I purchased from GRAYER was Fentanyl.

Within 72 hours of Wednesday, 22 December, 2021, Affiant Officer and Officers of the Omaha Police Department Narcotics Unit, [sic] again directed the C/I to contact GRAYER and request to purchase Fentanyl/Heroin.

Surveillance Officers set up surveillance at GRAYER's address of 4025 Grand Avenue and observed the white Ford Taurus parked in the driveway. The C/I called GRAYER who stated he had to stop at his cousin's house to "re-up" and then would meet with the C/I.

The C/I was again provided with audio/video recording equipment to record and monitor the transaction and provided with an amount of Omaha Police Department Buy Fund Money for the purchase.

Surveillance Officers then observed GRAYER exit his house and drive west on Grand Avenue in the white Ford Taurus. Surveillance Officers followed GRAYER to 4342 Grand Avenue and observed a maroon [vehicle] parked in the driveway . . . . registered . . . to Joann CASS at 4342 Grand Avenue, Omaha, Douglas County, Nebraska. NCJIS also shows Joann CASS is a black female, date of birth 5-19-52.

Approximately five minutes later, Surveillance Officers observed GRAYER exit the residence and drive west on Grand Avenue in the white Ford Taurus. Surveillance Officers then followed GRAYER until he met with the C/I. GRAYER did not make any additional stops and was not observed meeting with any additional parties prior to meeting with the C/I.

Officers could see and hear a deal being brokered between the C/I and GRAYER, via the audio/video recording equipment. Following the controlled purchase, Affiant Officer met with the C/I, who handed Affiant Officer a baggie containing a blue/grey rock like [sic] substance which was observed to be similar to the substance that had previously purchased [sic] from GRAYER and tested positive for Fentanyl.

> Affiant Officer conducted research on the LexisNexis Law Enforcement website and located an entry for Joann CASS, 5-19-52 at 4342 Grand Avenue and observed entries for Glenn Lamar CASS, black male, date of birth 5-12-71 at the same address. NCJIS also shows an entry for Glenn L. CASS with a last known address of 4342 Grand Avenue, Omaha, Douglas County, Nebraska. IMS has an entry for Glenn CASS that shows prior arrests and/or convictions for possession of marijuana . . . . Cass also has prior arrests and/or convictions for Possession of Crack . . . Possession with Intent to Deliver Cocaine . . . and Possession With Intent to Deliver Heroin . . . . CASS also has a prior arrest for Felon in Possession of a Firearm . . . .

Filing 27-1 at 1–4.

Officer Majewicz, the affiant, believed that Cass, the defendant in this case, was using his residence at 4342 Grand Avenue, Omaha, Nebraska, as a base for illegal narcotics sales, including fentanyl. Filing 27-1 at 3–4. Based on the information in Officer Majewicz's affidavit, the county court judge issued a search warrant for Cass's residence. Filing 27-1 at 5–6.

Presumably after the search of Cass's residence, and based on what law enforcement officers discovered, the Government issued a four-count Indictment against Cass for drug-trafficking and firearm offenses. Filing 1. On August 11, 2022, Cass filed a Motion to Suppress evidence obtained from the search of his residence. Filing 20. According to Cass, Officer Majewicz's affidavit did not contain sufficient information to establish probable cause to believe a crime or evidence of a crime would be found at Cass's residence. Filing 21 at 2–5. In a September 29, 2022, Findings and Recommendation, Judge Nelson recommended that the undersigned judge deny Cass's Motion to Suppress.[1] Filing 29. Cass filed Objections to Judge Nelson's Findings and Recommendation on October 13, 2022. Filing 30.

---

[1] Judge Nelson did not hold an evidentiary hearing because the county court judge issuing the warrant solely relied upon Officer Majewicz's affidavit to determine the existence of probable cause. *See United States v. Reed*, 25 F.4th 567, 569 (8th Cir. 2022) ("When the issuing judge relies entirely on a search warrant affidavit, we likewise limit our consideration on the probable cause determination to the affidavit.").

4

### III. ANALYSIS

#### A. Standard of Review

28 U.S.C. § 636(b)(1) governs the different standards of review when a party objects to a decision or a proposed findings or recommendations by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings or recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) (When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . .").

## B. Objections to Findings and Recommendation on Motion to Suppress

In his findings and recommendation, Judge Nelson found that Officer Majewicz's affidavit provided sufficient probable cause to issue the search warrant. Filing 29 at 4–5. Specifically, Judge Nelson concluded that the confidential informant's "description of [Blandon's] cousin and his living arrangements," combined with officers personally observing Blandon at 4342 Grand Ave after telling the confidential informant he needed to "re-up" before engaging in a drug transaction, established probable cause. Judge Nelson further determined that, even if the search warrant was not support by probable cause, the good-faith exception under *United States v. Leon*, 468 U.S. 897 (1984), applies. Filing 29 at 5.

In his objections to Judge Nelson's Findings and Recommendation, Cass asserts that the affidavit was defective because it relied on two faulty premises: that Cass was the cousin of Blandon mentioned by the confidential informant and that Blandon resided at 4025 Grand Avenue. Cass points out that the only indication in the affidavit that Blandon resided at 4025 Grand Avenue was the fact that Blandon drove a vehicle, which was registered to Ty-Drielle Grayer at 4025 Grand Avenue, to that address. Filing 31 at 6. Cass also highlights that because Blandon and Ty-Drielle share the same surname, Ty-Drielle could have been the cousin mentioned by the confidential informant who was supplying drugs to Blandon. Filing 31 at 6. According to Cass, the fact that officers did not observe Blandon carrying anything out of the residence at 4342 Grand Avenue, and because Ty-Drielle and Blandon share the same surname, Blandon's activities as detailed in the affidavit are consistent with him "re-upping" at 4025 Grand Avenue from Ty-Drielle rather than at the 4342 Grand Avenue residence. Filing 31 at 9. Instead, Cass contends, the affidavit shows that officers stretched pieces of information to cobble together a nexus between Blandon's drug-dealing activities and the 4342 Grand Avenue residence. Filing 31 at 8.

6

A district court should "give great deference to the issuing magistrate judge's decision regarding the existence of probable cause in an affidavit." *United States v. Reed*, 25 F.4th 567, 569 (8th Cir. 2022). The pertinent inquiry is whether the affidavit "provides a substantial basis for concluding that probable cause existed." *United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020). "The existence of probable cause 'depends on whether, under the totality of the circumstances, there is a fair probability evidence of a crime will be found in a particular place.'" *Reed*, 25 F.4th at 569 (quoting *Daigle*, 947 F.3d at 1081). The affidavit in support of a search warrant should be read "using common sense" and not under a "hypertechnical approach." *United States v. Saddler*, 19 F.4th 1035, 1039 (8th Cir. 2021). What matters to this determination is what the affidavit contains, not what it lacks or what a critic could argue should have been added. *See Daigle*, 947 F.3d at 1081.

Before the issuing judge issues a search warrant, "[t]here must be a 'nexus' between the evidence to be seized and the place to be searched." *United States v. Smith*, 21 F.4th 510, 515 (8th Cir. 2021). In reviewing whether this requisite nexus exists, a court should consider "the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *Id.* (quoting *United States v. Johnson*, 848 F.3d 872, 878 (8th Cir. 2017).

Cass argues that probable cause to issue the search warrant did not exist because the affidavit had insufficient information for the county court judge to conclude that Cass was Blandon's cousin, that Blandon resided at 4025 Grand Avenue, and that there was a fair probability that evidence of drug trafficking would be found at the residence of 4342 Grand Avenue. The Court disagrees. Cass's position is ultimately undermined by the affidavit stating that, 72 hours after the first purchase of fentanyl from Blandon, the confidential informant initiated another purchase, Blandon told the confidential informant he needed to "re-up," and officers observed

7

Blandon drive in a white Ford Taurus from 4025 Grand Avenue to 4342 Grand Avenue. Blandon did not make any other stops after exiting 4342 Grand Avenue and providing fentanyl to the confidential informant. An issuing judge may "draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant," *United States v. Brackett*, 846 F.3d 987, 922 (8th Cir. 2017), and here the county court judge could reasonably infer that Blandon drove to 4342 Grand Avenue to obtain fentanyl.

Furthermore, while Cass argues that the affidavit ignores the possibility that Ty-Drielle could have been the cousin supplying fentanyl to Blandon, there is sufficient information in the affidavit for the county court judge to conclude that Cass was Blandon's cousin. As outlined in the affidavit, the confidential informant[2] stated that Blandon's cousin lived a few blocks from Blandon, was a black male around 50 years old, and lived with his mother. Later, the affidavit explains that Cass was born in 1971, which would make him around 50 years old at the time, was a black male, and—based on the addresses in the affidavit—resided a few blocks from Blandon. Joann Cass, with whom Defendant Cass lived, had a date of birth (1952) from which the county court judge could reasonably infer that she was Cass's mother. Thus, the information is sufficient to show that Cass was Blandon's cousin and was supplying Blandon with fentanyl.

Finally, although Cass argues that the affidavit unreasonably states that Blandon resided at 4025 Grand Avenue, the Court finds that there was a basis for such a conclusion given that officers observed Blandon twice at 4025 Grand Avenue within a 72-hour period. While Office Majewicz could have included more information establishing that Blandon lived at 4025 Grand Avenue, the Court's focus is on the information in the affidavit, not what it lacks. *See Daigle*, 947 F.3d at 1081. Moreover, given the totality of the circumstances as outlined in the affidavit, even if there was

---

[2] In his objections, Cass does not argue that the affidavit fails to show that the confidential informant was unreliable.

some ambiguity as to where Blandon resided, the fact that Cass shared several characteristics with Blandon's cousin as stated by the confidential informant, that Blandon went directly to the 4342 Grand Avenue residence after stating he needed to "re-up," and that Blandon did not make any other stops before providing the confidential with fentanyl was sufficient for the county court judge to lawfully issue a search warrant.

In sum, the affidavit provides the requisite nexus between drug trafficking and the 4342 Grand Avenue residence. *Smith*, 21 F.4th at 515. Based on the information in the affidavit, there was a "fair probability" that evidence of drug trafficking would be found upon issuing the search warrant. *See Reed*, 25 F.4th at 569. Therefore, the Court agrees with Judge Nelson's well-reasoned conclusion that the affidavit provided a substantial basis that there was probable cause for the issuance of a search warrant and adopts his Findings and Recommendation in its entirety.

Alternatively, even if the search warrant lacked probable cause, the information in the affidavit easily meets the requirements of the good-faith exception outlined in *United States v. Leon*, 468 U.S. 897 (1984). The affidavit in this case is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *See United States v. Randle*, 39 F.4th 533, 536–37 (8th Cir. 2022) (quoting *Leon* 468 U.S. at 923).

### IV. CONCLUSION

The Court overrules Cass's objections and adopts Judge Nelson's Findings and Recommendation in its entirety. Accordingly,

IT IS ORDERED:

1. Defendant's Objections to Judge Nelson's Findings and Recommendation, Filing 30, is overruled;

9

2. Judge Nelson's Findings and Recommendation, Filing 29, is adopted in its entirety; and

3. Defendant's Motion to Suppress, Filing 20, is denied.

Dated this 26th day of October, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge