IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22-CR-138 |
| vs. | |
| GLENN LEMAR CASS, | MEMORANDUM AND ORDER ON MOTION IN LIMINE |
| Defendant. | |

## I. INTRODUCTION

The Government has charged Glenn Lemar Cass with four crimes: (1) conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl; (2) possession with intent to distribute 40 grams or more of fentanyl; (3) using and carrying a firearm during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime; and (4) felon in possession of a firearm. Filing 1 at 1–2. This matter is before the Court on the Government's Motion in Limine, Filing 39, which seeks admission of four of Defendant's prior convictions under Federal Rule of Evidence 404(b). For the reasons stated herein, the Court grants in part and denies in part the Government's Motion.

As represented in the Government's brief, Defendant allegedly conspired with others to sell fentanyl from November 2021 to December 29, 2021. Filing 29 at 1. In December of 2021, law enforcement officers executed a controlled buy between a confidential informant and an individual named Blandon Grayer. Filing 27-1 at 1. In a subsequent controlled buy, law enforcement officers observed Grayer go to Defendant's residence after telling the confidential informant he needed to "re up," after which Grayer engaged in another drug transaction. Filing 27-1 at 1–4. Upon executing a search warrant at Defendant's residence, officers allegedly found

1

approximately 171 grams of fentanyl, drug paraphernalia, $23,411, and a .40 caliber black Hi-point firearm. Filing 39 at 1–2.

In its Motion, the Government seeks to offer evidence of Defendant's 1992 felony conviction for possession of a controlled substance, 2000 felony conviction for possession of a controlled substance, 2000 felony conviction for possession of a firearm by a prohibited person, and 2016 felony conviction for possession of a controlled substance. According to the Government, these prior convictions are highly probative in showing Defendant's intent, knowledge, motive, and lack of mistake or accident regarding his charged offenses. Filing 39 at 2.

## II. ANALYSIS

### A. Rule 404(b)

Under Federal Rule of Evidence 404(b), evidence of a defendant's prior crimes is not admissible solely to prove the defendant's propensity to commit the charged offense, but may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). Evidence of prior crimes is admissible if "(1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020) (quoting *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016)).

### B. Prior Drug Convictions

The Court begins with Defendant's drug convictions. Defendant was convicted with felony possession of cocaine in 1992, felony possession of cocaine in 2000, and possession of cocaine and heroin in 2016. Filing 7 at 2–4. The Government argues that these prior convictions are

admissible to show intent, knowledge, motive, and lack of mistake or accident. Filing 39 at 2–4. The Court concludes that the 2016 conviction for possession of cocaine and heroin is admissible, but not the 1992 and 2000 convictions for possession of cocaine.

Prior drug convictions can be used to show a defendant's knowledge and intent in a drug-distribution case when the defendant makes a general denial or "mere presence" defense. *See United States v. Harry*, 930 F.3d 1000, 1006 (8th Cir. 2019) ("When a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element of the government's case or by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue." (quoting *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995))). A conviction for the possession of a controlled substance is relevant to a defendant's knowledge and intent to commit a drug-distribution offense. *See United States v. Escobar*, 909 F.3d 228, 243 (8th Cir. 2018) (noting that it is "settled" in the Eighth Circuit that the past possession of "user-quantities of a controlled substance" is relevant "to show knowledge and intent to commit a current charge of conspiracy to distribute drugs"); *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002) (holding that evidence of prior drug possession is admissible to show knowledge and intent of a defendant "charged with a crime in which intent to distribute drugs is an element"). The prior possession of one type of drug can be admissible under Rule 404(b) in a case involving the distribution of a different type of illegal substance. *See United States v. Benitez*, 531 F.3d 711, 716 (8th Cir. 2008) (stating that the fact that the prior conviction and the charged offense involved different drugs was not important "given that both substances are illegal"); *see also United States v. Green-Bowman*, 816 F.3d 958, 963 (8th Cir. 2016) (emphasizing that prior bad acts "need not be duplicates" of the present offense to be admissible).

Although the probative value of the 2016 conviction for the possession of heroin and cocaine is lessened somewhat because the current offense involves the distribution of fentanyl, it is still relevant to prove knowledge and intent. *See Green-Bowman*, 816 F.3d at 963; *Benitez*, 531 F.3d at 716. This conviction is only about five years removed from the alleged beginning of the drug-distribution conspiracy in this case, so it is not too remote. *See Escobar*, 909 F.3d at 242 (stating that a "reasonableness standard" that evaluates the "facts and circumstances of each case" applies to the Rule 404(b) remoteness issue and that there is no "fixed period within which the prior acts must have occurred"); *United States v. Johnson*, 439 F.3d 947, 953 (8th Cir. 2006) (holding that testimony about drug transactions five years before the charged crimes was not too remote); *United States v. Wint*, 974 F.2d 961, 967 (8th Cir. 1992) (holding that a five-year gap between the prior act and charged crime was not too remote). Finally, the probative value of admitting this prior conviction is not substantially outweighed by its potential prejudice to Defendant, given its ability to prove Defendant's mental state and the fact that it is reasonably close in time to the alleged beginning of the drug-distribution conspiracy it this case.

The 1992 and 2000 convictions for felony possession of cocaine, however, will not be admitted. Again, like the 2016 conviction for possessing heroin and cocaine, the probative value of these convictions is lessened somewhat because the current offense involves distribution, not possession, and involves a different controlled substance. Unlike the 2016 conviction, there is a significant gap in time between these convictions and the alleged beginning of the drug-distribution conspiracy. *See United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006) (holding that a district court did not abuse its discretion in excluding a six-year-old conviction for possession of marijuana in a case involving the distribution of cocaine). The age of these prior convictions,

4

combined with their diminished probative value, renders them inadmissible in this case.[1] Thus, the Court will allow evidence of Defendant's 2016 conviction for possession of cocaine and heroin but exclude Defendant's 1992 and 2000 convictions for felony possession of cocaine.

### C. Prior Firearm Conviction

Next, the Court turns to whether Defendant's March 10, 2000, conviction for possession of a firearm by a prohibited person is admissible. The Government argues that this prior conviction is admissible to show intent, knowledge, motive, and lack of accident or mistake as to the present firearm charges. Filing 39 at 7. "[P]rior convictions of firearm offenses are admissible to prove that the defendant had the requisite knowledge and intent to possess a firearm." *United States v. Adams*, 783 F.3d 1145, 1149 (8th Cir. 2015). Indeed, the 2000 firearm offense is nearly identical to the felon in possession of a firearm charge in this case. *See United States v. James*, 564 F.3d 960, 963 (8th Cir. 2009) (noting, in upholding the admission of a prior conviction under Rule 404(b), that the conviction was "nearly identical" to the charged offenses). Thus, the March 10, 2000, conviction for possession of a firearm is both relevant and very similar to the firearm offenses in this case.

The Court further finds that the prior firearm conviction is not "overly remote in time." *Shelledy*, 961 F.3d at 1022. Given the similarity of the prior firearm offense, the fact that the conviction occurred about twenty-one years prior to the instant alleged offense does not make it overly remote. The Eighth Circuit has upheld admission of similarly remote firearm offenses. *See*

---

[1] The Government acknowledges the significant time gap between these prior convictions and the charged offenses but argues that they are still "highly probative to the instant case because [D]efendant's prior convictions demonstrate his continued pattern of drug trafficking." Filing 39 at 4 n. 3. But using prior convictions to demonstrate a continued pattern of activity is exactly the type of propensity evidence that is inadmissible under Rule 404(b). *See United States v. Reed*, 744 F.3d 519, 525 (7th Cir. 2014) ("Pattern evidence is propensity evidence, and it is inadmissible unless the pattern shows some meaningful specificity or other feature that suggests identity or some other fact at issue." (quoting *United States v. Miller*, 673 F.3d 688, 699 (7th Cir. 2012))). The Government cannot avoid the remoteness issue by relying on the prior convictions' ability to prove Defendant's propensity to deal in drugs.

*United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015) (stating that the Eighth Circuit has upheld "admission of a crime committed more than 20 years before the offense at issue" and holding that an eighteen-year-old firearm offense was not too remote); *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (holding that the district court did not abuse its discretion in admitting a 19-year-old firearm offense). In contrast to Defendant's 1992 and 2000 drug convictions, the firearm conviction is nearly the same conduct as one of his charged offenses. *See United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005) (noting that "the answer to how long is too long depends on the theory that makes the evidence admissible" and holding that 16-year-old firearm convictions were not too remote because "the evidence support[ed] the government's theory—[the defendant's] history of firearms convictions directly bears on his knowledge of, and intent to possess a firearm at the time of the charged offense"). Thus, in light of the prior conviction's similarity to the charged conduct—a key difference between it and the 1992 and 2000 drug convictions—the remoteness of the firearm conviction does not warrant exclusion.

Moreover, because Defendant was not released from prison for his 2000 conviction until 2009, Filing 7 at 3, "the total number of years separating the prior offense[] and the charged offense[s] d[oes] not 'significantly diminish the probativeness of the evidence.'" *Williams*, 796 F.3d at 960 (quoting *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006)); *see also Walker*, 470 F.3d at 1275 (holding that the "ten-year period of incarceration" for the prior conviction supported the conclusion that the prior conviction was not too remote). The Court also finds that the prior conviction's probative value to prove knowledge and intent is not substantially outweighed by the danger of unfair prejudice, especially given the similarity of Defendant's past conduct and the charged offense. Therefore, the Court will allow admission of Defendant's 2000 conviction for possession of a firearm by a prohibited person. Accordingly,

6

IT IS ORDERED that the Government's Motion in Limine, Filing 39, is granted in part and denied in part.

Dated this 23rd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge